**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MICHAEL MEYERS, et al., | CIVIL ACTION NO. 10-862 (MLC) |
| Plaintiffs, | **O P I N I O N** |
| v. |  |
| MITCHELL I. HEFFERNAN, et al., |  |
| Defendants. |  |

**THE PLAINTIFFS** brought this action against the defendants, Mitchell I. Heffernan and James E. Pedrick, to recover damages for, inter alia, unjust enrichment. (Dkt. entry no. 1, Compl.) The plaintiffs allege that the Court has jurisdiction pursuant to 28 U.S.C. § ("Section") 1332. (Id. at 1-2.)

**THE PLAINTIFFS ASSERT** that (1) Heffernan and Pedrick are "principal officers" of a certain corporation ("Corporation"), (2) the Corporation has failed to pay them commissions that they are owed, and (3) Heffernan and Pedrick, as the Corporation's "agents", have been unjustly enriched personally. (Id. at 2-31.)

**THE CORPORATION** has petitioned for bankruptcy relief in the United States Bankruptcy Court for the District of Delaware. See In re: Mortgage Lenders Network USA, Inc., Bankr. D. Del. No. 07-10146 (PJW). Heffernan and Pedrick filed appearances therein. See id., Creditor Mailing Matrix (listing same). The issues in the action before this Court appear to be intertwined with the bankruptcy proceedings in Delaware. This Court thus intends to

transfer the claims asserted in this action to the United States District Court for the District of Delaware, with the assumption that the claims will then be referred to the Bankruptcy Court there. See 28 U.S.C. § 157(a) (stating "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district"); 28 U.S.C. § 1409(a) (stating "proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending"); 28 U.S.C. § 1412 (authorizing transfer of bankruptcy-related action to another district court); Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1212 (3d Cir. 1991) (stating district court should transfer claim to proper district court first, and then claim may be referred to bankruptcy court overseeing bankruptcy case); Nelson v. First Lenders Indem. Co., No. 97-239, 1998 WL 378376, at *1-*2 (N.D. Miss. May 11, 1998) (transferring claim to district court in new venue, and assuming claim will be referred to bankruptcy court there, as claims against certain defendants appeared based on acts of different party that was debtor in bankruptcy proceedings; citing Sections 1409 and 1412).

**IT APPEARS THAT THE EXTENT** of a bankruptcy court's authority over these claims depends on whether this action is (1) a "core proceeding" or (2) a "non-core proceeding", which is a proceeding

that is otherwise related to a case under title 11.  28 U.S.C. § 157(b)(1)-(4); see 28 U.S.C. § 157(b)(1) (stating bankruptcy court may enter orders and judgments in core proceeding); 28 U.S.C. § 157(c)(1) (stating bankruptcy court may only submit proposed findings of fact and conclusions of law to district court in non-core proceeding, and final order or judgment to be entered by district court after considering same); see also Mullarkey v. Tamboer (In re Mullarkey), 536 F.3d 215, 220-21 (3d Cir. 2008) (discussing bankruptcy court's authority).  Such a determination should be made by the Bankruptcy Court upon referral of this action.  See 28 U.S.C. § 157(b)(3) (stating bankruptcy court determines whether matter is core proceeding or related-to proceeding); Certain Underwriters at Lloyd's of London v. Otlowski, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan. 29, 2009) (stating "Section 157(b)(3) calls for the bankruptcy judge to make the initial decision on whether a case is a core proceeding, and its language is not ambiguous"); E. W. Trade Partners v. Sobel WP (In re E. W. Trade Partners), No. 06-1812, 2007 WL 1213393, at *3-*4 (D.N.J. Apr. 23, 2007) (stating same).  The Court will issue an appropriate order.[1]

                                             s/ Mary L. Cooper
                                             **MARY L. COOPER**
                                             United States District Judge

Dated:  March 15, 2010

---

[1] The plaintiffs failed to advise the Court of the bankruptcy proceedings in violation of Local Civil Rule 11.2.